UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:03-cr-184-T-30EAJ
 CASE NO: 8:07-cv-2358-T-30EAJ

PATRICK LAVENDER
_____/

# ORDER

The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007. The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007. The Defendant in this case, having been sentenced prior to November 1, 2007, filed a motion *pro se* seeking a reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 706 and 709 [Dkt. 525]. Additionally, Defendant has filed [Dkt. 475, also Dkt. 1 in Case No.: 8:07-cv-2358-T-30EAJ] Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and [Dkt. 476, also Dkt. 4 in Case No.: 8:07-cv-2358-T-30EAJ)] Amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The motions brought under 28 U.S.C. § 2255 are based upon claims of disparity in sentencing between crack cocaine and powder cocaine. Since a defendant is only allowed one opportunity to raise a 2255 issue and since the Defendant has filed a motion and amended motion under 28 U.S.C. § 2255 which are the same issues raised in his motion under 18

U.S.C. § 3582(c) and Amendment 706 and 709, the Court will strike the 2255 motions and will consider the defendant's claims raised in his crack/powder disparity motion.

Defendant pled guilty to one count of the superseding indictment alleging conspiracy to possess with the intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841. On January 21, 2004, the defendant was sentenced to a term of imprisonment of one hundred and eight (108) months as a result of his involvement in the distribution of cocaine and crack cocaine. At sentencing, the defendant was held accountable for ninety-eight (98) kilograms of cocaine and twenty-eight (28) grams of crack cocaine. The total amount of the crack cocaine in this case could be subtracted from the calculations and the offense level would not change.

Pursuant to USSG § 2D1.1(c)(2), a base offense level of 36 is assigned to an amount of cocaine of at least fifty (50) kilograms but less than one hundred and fifty (150) kilograms. This is the base offense level adopted by the Court at sentencing. The defendant then received a two (2) level reduction for the provisions of the safety valve, and a three (3) level reduction for acceptance of responsibility. With a total offense level of 31, and a criminal history category of I, the imprisonment range was 108 to 135 months imprisonment. The Court imposed a sentence at the low end of that range. Therefore, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with USSG §1B1.10.

IT IS therefore ORDERED and ADJUDGED that:

1. Defendant's motion for a reduction of sentence [Dkt. 525] is DENIED.

2.	Defendant's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [Dkt. 475, also Dkt. 1 in Case No.: 8:07-cv-2358-T-30EAJ] is STRICKEN; and

3.	Defendant's Amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [Dkt. 476, also Dkt. 4 in Case No.: 8:07-cv-2358-T-30EAJ] is STRICKEN.

4.	The Clerk is directed to close Case No.: 8:07-cv-2358-T-30EAJ and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant:	Patrick Lavender, #41071-018
	FPC Montgomery
	Federal Prison Camp
	Maxwell Air Force Base
	Montgomery, AL 36112
U.S. Probation
Bureau of Prisons